UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TONY PRIMM, | ) | Case No. 1:18-cv-02498-JG |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | CARMEN E. HENDERSON |
| MICHAEL DEWINE[1], | ) | |
| Ohio Attorney General | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

### I. Introduction

Petitioner, Tony Primm, an Ohio prisoner, is currently serving a life sentence without parole plus an additional 85 years for aggravated murder, murder, felonious assault, attempted aggravated murder, discharging a firearm on or near prohibited premises, improperly discharging a firearm into habitation, and having weapons under disability. (ECF No. 7-1, PageID #: 103–04). Primm filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on October 29, 2018. (ECF No. 1). Respondent filed a Return of Writ on January 3, 2019, arguing that Primm's petition should be dismissed as untimely and procedurally defaulted.[2] (ECF No. 7, PageID #: 42). Primm filed a brief in support on February 28, 2019. (ECF No. 9).

This matter was referred to me under Local Rule 72.2 to prepare a report and recommendation on Primm's petition and other case-dispositive motions. Because Primm filed his

---

[1] Primm incorrectly names then–Attorney General Michael DeWine as the respondent. "'The only proper respondent... is the habeas Petitioner's custodian, which in the case of an incarcerated habeas petitioner is the warden.'" (ECF No. 7, PageID #: 42).

[2] As the court finds that Primm's petition is untimely, the court need not address the procedural default argument.

petition after the one-year limitations period for filing habeas corpus actions expired, and because Primm is not entitled to equitable tolling, I recommend that Primm's petition be DISMISSED.

## II. Relevant Procedural History

### A. State Conviction

On April 7, 2015, a Cuyahoga County, Ohio grand jury indicted Primm on one count of aggravated murder under Ohio Rev. Code § 2903.01(A) (Count 1); one count of murder under Ohio Rev. Code § 2903.02(B) (Count 2); three counts of felonious assault under Ohio Rev. Code § 2903.11(A)(1) (Count 3) and Ohio Rev. Code § 2903.11(A)(2) (Count 6 and 7); two counts of attempted aggravated murder under Ohio Rev. Code §§ 2923.02, 2903.01(E)(2) (Counts 4 and 5); one count of discharging a firearm on or near a prohibited premises under Ohio Rev. Code § 2923.162(A)(3); five counts of improperly discharging into habitation under Ohio Rev. Code § 2923.161(A)(1) (Counts 9–13); and one count of having weapons under disability under Ohio Rev. Code § 2923.13(A)(3) (Count 14). (ECF No. 7-1, PageID #: 81–89). Additionally, Counts 1–9 carried firearm specifications for both one year and three years under Ohio Rev. Code § 2941.141(A) and Ohio Rev. Code § 2941.145(A), respectively. Furthermore, Counts 4–7 carried a seven-year firearm specification under Ohio Rev. Code § 2941.1412(A). *Id.*

On September 23, 2015, a jury found Primm guilty of all indicted charges and specifications. (ECF No. 7-1, PageID #: 81–89, 101–02). Primm was sentenced to life in prison without parole plus an additional 85 years. (ECF No. 7-1, PageID #: 101). The trial court issued a corrected sentence on September 28, 2015, adding that "consecutive prison is imposed pursuant to ORC 2929.14(E)(4)." (ECF No. 7-1, PageID #: 104).

### B. Direct Appeal

On September 25, 2015, Primm, through new counsel, appealed to the Eighth District Court of Appeals for Ohio, raising five assignments of error:

> **Assignment of Error I**: The trial court erred by failing to grant a judgement of acquittal, pursuant to Ohio R. Crim. P. 29(a), on the charge of aggravated murder, and therefore entering a judgment of conviction that the offense as that charge was not supported by sufficient evidence, in violation of defendant's tight to due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution.
>
> **Assignment of Error II**: Appellant's convictions are against the manifest weight of the evidence.
>
> **Assignment of Error III**: The trial court infringed upon and violated Appellant's right to testify when it ruled that if he testifies, then his prior murder case (which was not guilty verdict) comes in, which resulted in the jury improperly hearing it.
>
> **Assignment of Error IV**: The trial court erred when it admitted other acts testimony in violation of Ohio Rev. Code § 2945.59, Ohio R. Evid. 404(B) and Appellant's rights under Article I, Section 10 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution.
>
> **Assignment of Error V**: The trial court erred by ordering appellant to serve a consecutive sentence without making the appropriate findings required by Ohio Rev. Code § 2929.14 and HB 86.

(ECF No. 7-1, PageID #: 115). On August 4, 2016, the Eighth District Court of Appeals affirmed Primm's convictions and sentencing. (ECF No. 7-1, PageID #: 201).

### C. Appeal to the Supreme Court of Ohio

On September 1, 2017, Primm, now appearing *pro se*, filed an untimely Notice of Appeal (ECF No. 7-1, PageID #: 237) and a Motion for Leave to File Delayed Appeal (ECF No. 7-1, PageID #: 240) before the Supreme Court of Ohio. On November 1, 2017, the Supreme Court of Ohio denied Primm's motions and dismissed the petition. (ECF No. 7-1, PageID #: 282).

### III. Federal Habeas Corpus Petition

On October 29, 2018, Primm, now represented by counsel, petitioned this Court for a writ of habeas corpus (ECF No. 1, PageID #: 1) and moved for an expansion of time to file a supporting brief (ECF No. 2), which the presiding judge granted in part. (*See* Docket entry dated October 31, 2018). Primm's petition asserted the following three grounds for relief:

> **Ground One:** Petitioner's right to a fundamentally fair trial was violated and the State Court's affirmance was contrary to the U.S. Constitution's fifth and sixth amendments.
>
> **Supporting Facts:** The jury was allowed to hear testimony relative to an acquitted murder charge against Petitioner. This testimony was elicited by the State in a manner that undermined Petitioner's presumption of innocence, and subverted his right to choose whether to testify on his own behalf or to remain silent, and which had a substantial and injurious effect on the outcome of the case.
>
> **Ground Two:** Ineffective Assistance of Counsel.
>
> **Supporting Facts:** Counsel failed to argue Ground One in state court with the necessary clarity and force. If Counsel had done so, the error would have been sustained in Petitioner's favor.
>
> **Ground Three:** Ineffective Assistance of Counsel.
>
> **Supporting Facts:** Counsel in the trial court failed to set forth the Petitioner's affirmative defense of "Defense of self and others," which should have been instructed to the jury as a basis of acquittal.

(ECF No. 1, PageID #: 5–8). On January 3, 2019, Respondent filed his return of writ, arguing that the Court should dismiss Primm's petition in its entirety because it is untimely and procedurally defaulted. (ECF No. 7, PageID #: 42). Primm filed his brief in support on February 28, 2019.[3] (ECF No. 9).

---

[3] In a filing entitled Response to Brief in Support, Respondent objected to the timeliness of Primm's February 28, 2019 filing. (ECF No. 10, PageID #: 1218). Respondent asserts that

**IV.** **Legal Standards**

    **A.** **Jurisdiction**

28 U.S.C. § 2254(a) authorizes district courts to entertain an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). Primm was convicted in Cuyahoga County, which is within the territorial bounds for the Northern District of Ohio, Eastern Division. 28 U.S.C. § 2241(d); Local Rule 3.8(a). Also, Primm is in custody at Mansfield Correctional Institution (ECF No. 7, PageID #: 42), which is located within the territorial jurisdiction of the Northern District of Ohio, Eastern Division. Local Rule 3.8(a). Therefore, the United States District Court Northern District of Ohio, Eastern Division, is the proper jurisdiction to evaluate Primm's Petition for Writ of Habeas Corpus.

    **B.** **One-Year Limitations Period Under the AEDPA**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period upon all applications seeking a writ of habeas corpus under 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

because Respondent filed his return of writ on January 3, 2019, Primm's traverse was due on or before February 4, 2019. (ECF No. 10, PageID #: 1218). Respondent states that Primm's February 28, 2019 filing was thus untimely "whether it is considered as a brief in support or a Traverse." (ECF No. 10, PageID #: 1219). Respondent overlooks the prior magistrate judge's January 29, 2019 order granting Primm an extension of time until February 28, 2019, to file his brief in support. (*See* Docket entry dated January 29, 2019). Thus, it appears that Primm's brief in support was timely filed. In any case, for the reasons discussed below, the timeliness or untimeliness of Primm's brief in support does not affect this case's outcome.

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) when direct review concludes, not when the petitioner has exhausted all state remedies. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001); *see also Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000) (noting that the one-year limitations period under § 2244(d)(1)(A) does not begin to run until the day after the petition for a writ of certiorari was due in the Supreme Court). A judgment is final when the time to file a direct appeal to the state appellate court expires, unless the state appellate court grants a motion to file an out-of-time appeal. *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009). An Ohio criminal defendant has 30 days from the date his conviction and sentence become final to file a timely direct appeal to the state appellate court. Ohio R. App. P. 4(A). To file an appeal to the Supreme Court of Ohio, a criminal defendant has 45 days. Ohio S.Ct.Prac.R. 7.01(A)(1)(a)(i). The one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Lopez v. Wilson*, 426 F.3d 339, 351–52 (6th Cir. 2005) (*en banc*) (holding that a motion to reopen an appeal in a criminal case under Ohio R. App. P. 26(B) is a collateral proceeding). A post-conviction-relief petition is considered "properly filed" only if it meets the applicable state rules governing filing. *Artuz v.*

*Bennett*, 531 U.S. 4, 8 (2000); *Walker v. Smith*, 360 F.3d 561, 563 (6th Cir. 2004). Thus, "time limits, no matter their form, are filing conditions." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (quotation omitted). Untimely post-conviction petitions or other collateral motions do not toll the AEDPA limitations period, despite any exceptions to the timely filing requirement that might exist under state law. *See id.* at 413–14.

### C. Primm's Petition Is Untimely Because He Filed It 342 Days After the One-Year Limitations Period Expired

Respondent argues that Primm's petition is untimely. (ECF No. 7, PageID #: 44–45). The Court agrees with Respondent's timeliness analysis. Respondent correctly states that Primm's judgement became final on September 19, 2016, which is 45 days after the Ohio Court of Appeals affirmed Primm's conviction (on August 4, 2016). Ohio S.Ct.Prac.R. 7.01(A)(1)(a)(i); (ECF No. 7-1, PageID #: 201). Thus, the one-year limitations period began to run on September 20, 2016. 28 U.S.C. § 2244(d)(1)(A).

Respondent then correctly states that Primm filed a Notice of Appeal and a Motion for Leave to file Delayed Appeal before the Supreme Court of Ohio on September 1, 2017—346 days later. (ECF No. 7-1, PageID #: 237, 240). That action tolled the one-year limitations period as of that day. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section").

Respondent then correctly states that on November 1, 2017, the Supreme Court of Ohio denied Primm's Motion for Delayed Appeal and dismissed Primm's petition. (ECF No. 7-1, PageID #: 282). Thus, the one-year limitations period resumed running the next day, November 2, 2017, and ran for another 19 days before expiring on November 21, 2017.

On October 29, 2018—707 days after his state court judgment became final, and 342 days after the AEDPA limitations period expired—Primm filed his petition here. (ECF No. 1). As such, the Court concludes that Primm's petition is untimely under 28 U.S.C. § 2244(d).

### D. Primm's Petition Should Not Be Equitably Tolled

The inquiry does not end, however, at the determination of statutory tolling: The court must next consider whether Primm is entitled to equitable tolling. *See Holland v. Florida*, 560 U.S 631, 645–46 (2010) (stating that because the AEDPA's limitations period is not jurisdictional, it may be equitably tolled). If a petitioner seeks equitable tolling, then he must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* at 649 (quoting *Pace*, 544 U.S. at 418). The unavailability of or delay in receiving trial or other transcripts is not an "extraordinary circumstance" that prevents a habeas petitioner from filing a timely petition, and, thus, does not warrant equitable tolling. *Hall v. Warden*, *Lebanon Corr. Inst.*, 662 F.3d 745, 750–51 (6th Cir. 2011) (explaining that the habeas rules require the state, not the petitioner, to "furnish the petitioner with the record once a habeas petition has been filed"). Similarly, a petitioner's *pro se* status or ignorance of procedural requirements "are not sufficient to constitute an extraordinary circumstance and to excuse his late filing." *Keeling v. Warden*, *Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (citing *Hall*, 662 F.3d at 751–52; *Winkfield v. Bagley*, 66 F. App'x 578, 583 (6th Cir. 2003)).

Respondent argues that Primm has not established that he diligently pursued his rights or that an extraordinary circumstance prevented him from timely filing his petition. (ECF No. 7, PageID #: 46). The court agrees. Primm does not address the timeliness of his filing in his petition. (ECF No. 1). Nor does he address it in his brief in support. (ECF No. 9). Thus, Primm has not demonstrated that he diligently pursued his rights or that an extraordinary circumstance prevented

him from timely filing his petition. Accordingly, the Court concludes that Primm is not entitled to equitable tolling. *Holland*, 560 U.S at 645–46.

## V. Certificate of Appealability

### A. Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c). "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

If a petition is to be dismissed on a procedural basis (as is the case here), then the inquiry under 28 U.S.C. § 2253(c) is two-fold: A certificate of appealability "should issue when the prisoner shows, at least, that [(1)] jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[,] and [(2)] … jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. As the Supreme Court explained, "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.* at 486.

### B. Primm Is Not Entitled to a Certificate of Appealability

If the Court accepts my recommendation, then Primm will not be able to show that a reasonable jurist could conclude that the Court has erred concerning the untimeliness of Primm's petition. *Slack*, 529 U.S. at 484. Thus, I recommend that a certificate of appealability not be issued.

### VI. Recommendation

Because Primm filed his Petition for Writ of Habeas Corpus after the one-year limitations period under 28 U.S.C. § 2244(d)(1) expired, and because Primm's petition should not be equitably tolled, I recommend that it be DISMISSED. I further recommend that Primm not be granted a certificate of appealability.

DATED: July 2, 2021

*CarmenHenderson*
Carmen E. Henderson
United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).